**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1128**

———————

MICHAEL J. GRUDIS,

Plaintiff - Appellant,

and

LIBERTY MUTUAL INSURANCE COMPANY,

Plaintiff,

versus

J. B. HUNT TRANSPORT, INCORPORATED;
JAY C. FORD,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  James K. Bredar, Magistrate Judge.  (CA-
01-2457-JKB)

———————

Submitted:  January 28, 2005        Decided:  February 24, 2005

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Dirk Schwenk, LOCHNER AND SCHWENK, LLC, Annapolis, Maryland, for
Appellant.  Thomas A. McManus, SASSCER, CLAGETT & BUCHER, Upper
Marlboro, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael J. Grudis filed this personal injury action against J.B. Hunt Transport, Inc., and its employee, Jay C. Ford. Liberty Mutual Insurance Company joined as a Plaintiff in the action in order to protect its subrogation interests as an insurer of Grudis. Grudis appeals the magistrate judge's order denying Plaintiffs' motion for judgment as a matter of law and the magistrate judge's refusal to instruct the jury to consider the "last clear chance" doctrine. For the following reasons, we affirm the magistrate judge's order denying Grudis and Liberty Mutual's motion for judgment as a matter of law and affirm the jury verdict in favor of Ford and J.B. Hunt.

Following trial, the jury found that Defendant Ford was not negligent in the events leading to Grudis' injury. The magistrate judge entered an order reflecting the jury's verdict in favor of Ford and J.B. Hunt. Because the evidence does not support Grudis' argument that "there is no legally sufficient evidentiary basis" for the jury's verdict, Fed. R. Civ. P. 50(a)(1), we affirm the magistrate judge's denial of the motion for judgment as a matter of law.

Grudis also contends that the magistrate judge erred in declining to instruct the jury on Maryland's "last clear chance" doctrine with respect to Ford's alleged negligence. Because the source of the federal court's jurisdiction over the state law tort

action was diversity of citizenship, the rule of <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938), requires the application of the law of Maryland, the forum state, to questions of substantive law. On procedural issues, however, federal law governs. <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965). The decision of whether to give a jury instruction and the content of an instruction are reviewed for an abuse of discretion. <u>See</u> <u>United States v. Abbas</u>, 74 F.3d 506, 513 (4th Cir. 1996).

Under Maryland law, the doctrine of last clear chance permits a contributorily negligent plaintiff to recover damages from a negligent defendant if each of the following elements is satisfied: (i) the defendant is negligent; (ii) the plaintiff is contributorily negligent; and (iii) the plaintiff makes "a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence." <u>Liscombe v. Potomac Edison Co.</u>, 495 A.2d 838, 847 (Md. 1985) (citations omitted). On review of the record, we conclude the magistrate judge did not abuse his discretion in finding that the evidence did not support an instruction to the jury on the last clear chance doctrine.

Accordingly, we affirm the verdict in favor of Ford and J.B. Hunt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
